# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL MELLINGER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )     Case No. CIV-15-419-R |
| | ) |
| MR. KUBIC, Parole Examiner, | ) |
| United States Parole Commission; | ) |
| MR. FULBRIGHT, Chairman, | ) |
| United States Parole Commission, | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a federal inmate proceeding pro se and in forma pauperis, filed a civil rights complaint against "Mr. [Scott] Kubic," "Parole Examiner" for the United States Parole Commission (USPC), and "Mr. Fulbright," Chairman of the USPC. Doc. 1, at 1-2; Doc. 9. Plaintiff is currently housed in FCI Phoenix.[1]

Plaintiff's claims arise from his November 13, 2014, parole-revocation hearing, after which officials revoked his parole. Plaintiff claims that: (1) the USPC violated his due process rights when it "exceeded [its] authority and the law to give Plaintiff further incarceration beyond the guidelines," (2) officials violated his protection against ex post facto application of the law when "they appl[ied] the amended statutes to keep him incarcerated

---

[1]     http://www.bop.gov/inmateloc/ (last accessed May 11, 2015).

unlawfully," and (3) officials unlawfully transferred Plaintiff from FCI Phoenix to the Federal Transfer Center "to get around" the application of more favorable Ninth Circuit case law. Doc. 1, at 3-4. Plaintiff seeks compensatory and punitive damages, and a temporary restraining order "vacating the hearing of Nov. 13, 2014 and barring any further hearing . . . ." Doc. 1, Att. 1, at 2. Although Plaintiff styles his complaint as pursuing relief under 42 U.S.C. § 1983, which creates a cause of action for violations under color of *state* law, *see id.*, he sues federal officials. Doc. 1, at 1-2. So, the undersigned construes Plaintiff's complaint as arising under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), which recognized that a plaintiff may sue a federal official for some constitutional violations. *Id.* at 395-97.

Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned recommends the court dismiss Plaintiff's claims

I. **Procedural Background.**

The undersigned judicially notices[2] that Plaintiff has sought three separate writs of habeas corpus, each challenging distinct portions of his

---

[2] *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (noting court's "discretion to take judicial notice of publicly-filed records in

2

parole revocation. First, Plaintiff unsuccessfully sought relief in this Court, contending that the USPC violated his due process rights when it failed to provide him with a timely revocation hearing. *See Mellinger v. Kaster*, No. CIV-14-1130-R, slip. op. (W.D. Okla. Jan. 15, 2015) (unpublished report and recommendation),[3] *adopted*, 2015 WL 1061829, at *1 (W.D. Okla. Feb. 12, 2015) (unpublished order). Plaintiff filed two petitions for writs of habeas corpus in the United States District Court for the District of Arizona. In the first case, *Mellinger v. Warden Graber*, CV-14-01806-PHX-DGC (MHB), Plaintiff seeks his immediate release, challenging the USPC's July 18, 2014 warrant execution. *See id.*, Doc. 1. In the second*, Mellinger v. Warden Graber, FCI Phoenix*, CV-15-00129-PHX-DGC (MHB), Plaintiff challenges more broadly his November 13, 2014 parole revocation. *See id.*, Doc. 1. Both petitions are still pending.

## II. Screening responsibilities.

Because Plaintiff is proceeding in forma pauperis, the court has a duty to screen the complaint. *See* 28 U.S.C. § 1915(e)(2). So, the court must dismiss any claim that fails to state a claim upon which relief may be

---

our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (internal quotation marks omitted).

[3]    In that report and recommendation, United States Magistrate Judge Gary Purcell thoroughly summarized the events surrounding Plaintiff's November 13, 2014 revocation hearing.

granted. *Id.* § 1915(e)(2)(B)(ii). To survive the review, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying this standard, the court "assume[s] the truth of all well-pleaded" factual allegations and construes them "in the light most favorable to [P]laintiff[]." *Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011).

### III. Analysis.

Plaintiff identifies Defendant Fulbright as "acting in his official capacity," but does not identify how he sues Defendant Kubic. Doc. 1, at 1-2. Regardless, a *Bivens* claim cannot be brought against the USPC, as a federal agency, or against either Defendant in his official capacity. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."); *see Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) ("A *Bivens* action may not be brought against federal agencies or agents acting in their official capacities."). That is because a claim against a public official in his official capacity "operates as a claim against the United States" or against the official's employer, *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001), and these entities are immune from *Bivens* claims. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (holding federal agencies immune from *Bivens* claims for money damages). So, the undersigned recommends that the court dismiss

4

the official-capacity claims seeking monetary relief with prejudice. For these claims, Plaintiff cannot prevail on the facts alleged and it would be futile to give him an opportunity to amend his complaint. *See Curley v. Perry*, 246 F.3d 1278, 1283 (10th Cir. 2001); *see* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

The court should then dismiss any individual-capacity claims seeking damages as premature. A plaintiff may not seek damages "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "*Heck* applies to *Bivens* actions." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996).

Plaintiff has *not* had his parole revocation reversed, declared invalid, or been granted a writ of habeas corpus. And, a ruling here that prison officials violated procedural due process, violated ex post facto guarantees, and/or transferred Plaintiff to benefit from favorable case law would necessarily invalidate his parole revocation. *See Cardoso v. Calbone*, 490 F.3d 1194, 1199 (10th Cir. 2007) (holding that plaintiff's claims "foreclosed" because his allegations that officials failed to give him proper notice regarding the

5

disciplinary hearing and lacked some evidence of his guilt, if true, "'would necessarily imply the invalidity'" of his disciplinary conviction (citation omitted)); *Dare v. United States*, 264 F. App'x 183, 184-85 (3d Cir. 2008) (applying *Heck* to plaintiff's claim that the USPC illegally confined him 20 months longer than necessary, because plaintiff "failed to show that the duration of his sentence had ever been invalidated"). "*Heck*'s favorable termination rule applies 'no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration.'" *Dare*, 264 F. App'x at 185 (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)).

Because Plaintiff's challenge targets the USPC's parole-revocation procedures, a grant of relief would "abet[] what the *Wilkinson* [C]ourt recognized *Heck* prohibit[s]." *Lawrence v. McCall*, 238 F. App'x 393, 395-96 (10th Cir. 2007). By finding the USPC's procedures unconstitutional, the court would invalidate Plaintiff's parole-revocation sentence, which *Heck* does not allow. *Id.* The court should dismiss Plaintiff's individual-capacity claims seeking damages without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996) ("When a . . . claim is dismissed under *Heck*, the dismissal should be without prejudice." (citations omitted)); *see* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

To the extent Plaintiff seeks prospective injunctive relief, such claim would not be *Heck*-barred because a grant of prospective relief would not imply the invalidity of the parole-revocation hearing. *See* Doc. 1, Att. 1, at 2 (seeking an order "barring any further hearing . . . ."); *Lawrence*, 238 F. App'x at 395 (noting that claims for prospective injunctive relief not barred "since a grant of prospective relief would not imply the invalidity of the prior sentences"). But Plaintiff offers no evidence he risks facing allegedly unconstitutional parole-revocation procedures in the future. The undersigned recommends dismissing this claim based upon Plaintiff's lack of standing. *See Los Angeles v. Lyons*, 461 U.S. 95, 105-06 (1983); *see* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).[4]

## V.  Recommendation.

The undersigned recommends that, on screening, the court dismiss Plaintiff's official-capacity claims for monetary relief with prejudice, and his individual-capacity claims for monetary relief without prejudice. *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b). The undersigned recommends dismissal without prejudice of Plaintiff's claim for prospective injunctive relief. *Id.* Should the court adopt this report and recommendation, Plaintiff's motion for

---

[4]  *See also Mellinger v. Coil*, No. 2:09-cv-289-WTL-DML, Docs. 8-9 (dismissing Plaintiff's complaint for failure to state a claim under § 1915A(b)); 28 U.S.C. § 1915(g).

a temporary restraining order will be moot, and should be dismissed. *See* Doc. 2.

The undersigned advises Plaintiff of his right to file an objection to the report and recommendation with the Clerk of this Court by May 31, 2015, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to make timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 11th day of May, 2015.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE