# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DANIEL MELLINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-419-R |
| | ) | |
| MR. KUBIC, Parole Examiner, | ) | |
| United States Parole Commission; | ) | |
| MR. FULBRIGHT, Chairman, | ) | |
| United States Parole Commission, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, a federal prisoner appearing pro se, filed a complaint under 42 U.S.C. § 1983 for claims arising from revocation of his parole, alleging a due process violation and a violation of the prohibition on ex post facto laws. Doc. No. 1. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On May 11, 2015, Judge Mitchell issued a Report and Recommendation wherein she recommended that Plaintiff's claims be dismissed. Doc. No. 10, at 2. The matter is currently before the Court on Plaintiff's objection to the Report and Recommendation, Doc. No. 13, which gives rise to the Court's obligation to conduct a *de novo* review of any portion of the Report and Recommendation to which Plaintiff specifically objects.

Because Defendants are federal officials, Judge Mitchell construes the complaint brought under § 1983 as instead arising under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 395-97 (1971), which recognized a cause of action against a federal official for

some constitutional violations. Doc. No. 10, at 2. Judge Mitchell recommends dismissing Plaintiff's individual capacity claims seeking damages[1] for the way in which his parole was revoked as premature under *Heck v. Humphrey*, 512 U.S 477 (1994), because Plaintiff has not yet had his parole revocation reversed or declared invalid, and he has not been granted a writ of habeas corpus with respect to his parole revocation. Doc. No. 10, at 5.

In his objection, Plaintiff states that he "is not asking that the proceedings be ruled as unconstitutional, but rather that under 10th Circuit law there were not proceedings since the USPC lack standing in Plaintiffs [sic] case." Doc. No. 13, at 2. Even if Plaintiff has not brought a § 1983 claim because he is suing federal officials, and even if he is not suing for a violation of the U.S. Constitution and has therefore not brought a *Bivens* claim, his allegations would still be premature under *Heck* because they "call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996).

Plaintiff objects to Judge Mitchell's recommendation that the Court dismiss his claims against Defendants in their individual capacity. Doc. No. 13, at 1. He contends that he should prevail on the merits because "10th Circuit law does in fact support Plaintiff's argument that the USPC and Mr. Kubic did not have legal standing to hold a parole hearing on Plaintiff." Doc. No. 13, at 1. He also asks for twenty days in which to

---

[1] Judge Mitchell also recommends dismissing any claim for prospective injunctive relief based on Plaintiff's lack of standing because he "offers no evidence he risks facing allegedly unconstitutional parole-revocation procedures in the future." *Id.* at 7. But Plaintiff makes clear in his objection that he seeks only monetary relief. Doc. No. 13, at 1 ("Plaintiff is not asking for his release in this Court, but rather compensation for his illegal incarceration under 10th Cir Law.").

2

file a motion for summary judgment. *Id.* Plaintiff does not address Judge Mitchell's conclusion that his damages claim is premature, and the Court agrees with the Magistrate Judge in this regard.

Plaintiff also asserts that "[t]his is a split circuit case and the hearing being held in Oklahoma should allow for the suit to preceed [sic] there." *Id.* The undersigned is unaware of any hearing being held in this state with regard to Plaintiff's claims. Plaintiff may be referring to his two petitions for writs of habeas corpus currently pending in the U.S. District Court for the District of Arizona. *See* Doc. No. 10, at 3. But dismissing his claims in this Court does not stop the habeas proceedings in Arizona. Furthermore, to the extent Plaintiff is arguing that one of his Arizona cases will result in a writ of habeas corpus, and therefore this Court should not dismiss his claims as premature, his argument is rejected. His claims are still premature even though habeas petitions are currently pending in another court. *See Heck*, 512 U.S. at 478-79, 490 (affirming the Seventh Circuit's decision that dismissal of the petitioner's § 1983 complaint that related to events leading up to his conviction was appropriate when a direct appeal from his conviction was pending).

The Report and Recommendation of the Magistrate Judge, Doc. No. 10, is ADOPTED. Plaintiff's official capacity claims for monetary relief are dismissed with prejudice, and his individual capacity claims for monetary relief are dismissed without prejudice. Plaintiff's motion for a temporary restraining order, Doc. No. 2, is DENIED as moot.

IT IS SO ORDERED this 2nd day of June, 2015.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE